IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TYKIEF DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-246-MEF |
| | ) | [WO] |
| | ) | |
| LEE COUNTY CIRCUIT COURT, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Tykief Dunn ["Dunn"], a county inmate, on March 20, 2007. In this complaint, Dunn challenges a controlled substance conviction imposed upon him by the Circuit Court of Lee County, Alabama. Dunn requests that this "felony [be] removed" from his record. *Plaintiff's Complaint* at 4.

Upon review of the complaint, the court concludes that for two separate but equally compelling reasons dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**I. DISCUSSION**

**A. The Named Defendant**

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dunn names the Lee County Circuit Court as the sole defendant. A state court is not a person within the meaning of 42 U.S.C. § 1983. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of the plaintiff's complaint against the Lee County Circuit Court is therefore appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. The Challenge to Plaintiff's Conviction

Dunn attacks the validity of a controlled substance conviction imposed upon him by the Circuit Court of Lee County, Alabama. Specifically, Dunn complains that he received "a felony for 23.52 grams of marijuana" and asserts that his rights "were not read" to him prior to entry of the conviction. *Plaintiff's Complaint* at 2-3. Dunn further maintains that counsel provided ineffective assistance during the state court proceedings. *Id*. at 4. These claims go to the fundamental legality of Dunn's conviction. Consequently, these claims provide no basis for relief pursuant to § 1983 at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

"[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)." *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction

2

or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489. The relevant inquiry under this analysis is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that an inmate's claim for either declaratory relief or monetary damages "that necessarily impl[ies] the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated its prior position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims presented in the present complaint challenge the constitutionality of Dunn's controlled substance conviction. A judgment in favor of Dunn on these claims would necessarily imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Dunn complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the judgment of the state court is prohibited and subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Lee County Circuit Court be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's challenges to his conviction be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process.

It is further

ORDERED that on or before April 4, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of March, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE